# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMGUARD INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| BELLERIVE TERRACE | ) No.: |
| HOMEOWNERS ASSOCIATION, an | ) |
| Illinois not-for-profit corporation, | ) |
| BROMPTON HOMES, L.L.C., an | ) |
| Illinois Limited Liability Corporation, | ) |
| ROBERT CRANE, EILEEN CRANE, | ) |
| and WILLIAM STEINHAUER, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, AMGUARD INSURANCE COMPANY ("Amguard") by its attorneys, Michael J. Duffy and Alexandrea Y. Diaz of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment against Defendants Bellerive Terrace Homeowners Association ("Bellerive"), Brompton Homes, L.L.C. ("Brompton Homes"), Robert Crane, Eileen Crane, and William Steinhauer, states as follows:

## STATEMENT OF CASE

1. This action seeks a declaration that Amguard owes no insurance coverage obligations to Defendants, Brompton Homes, Robert Crane, Eileen Crane, and William Steinhauer, in connection with the claims against them in a lawsuit styled as *Bellerive Terrace Homeowners Association, an Illinois not-for-profit corporation v. Brompton Homes, LLC, an Illinois Limited Liability Corporation, Robert Crane, Eileen Crane, and William Steinhauer*, Case No. 20-LM-1342, currently pending in the DuPage County Circuit Court (hereinafter the

"*Bellerive* suit"). A true and accurate copy of the Amended Complaint in the *Bellerive* suit is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

2. Amguard is an insurance company formed under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania.

3. Defendant Bellerive an Illinois not-for-profit corporation with its principal place of business in Illinois and is joined as a defendant solely as an interested party to be bound by the judgment herein.

4. Defendant Brompton Homes is a limited liability company formed under the laws of the State of Illinois with its principal place of business in Downers Grove, Illinois. Its members are Illinois citizens.

5. Defendant Robert Crane is an Illinois citizen and resides in DuPage County, Illinois.

6. Defendant Eileen Crane is an Illinois citizen and resides in DuPage County, Illinois.

7. Defendant William Steinhauer is an Illinois citizen and resides in DuPage County, Illinois.

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and Amguard is not a citizen of any state in which any of the Defendants are citizens.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is a civil action founded on diversity of citizenship including Defendants, who reside within the geographical boundaries of this District and because this case involves coverage under an insurance policy issued within the geographical boundaries of this District and/or concerning a

lawsuit pending within the geographical boundaries of this District arising from events that allegedly happened within the geographical boundaries of in this District.

## FACTS

10. Brompton Homes allegedly performed faulty workmanship which resulted in rot and water damage on the decks and damage in the foundation support beams for the chimney chase, all constructed by Brompton Homes at its development of the property which is the subject of the *Bellerive* suit. Ex. A.

11. Brompton Homes also allegedly breached its contract with the Association by failing to install a water meter for the irrigation system. Ex. A.

12. Brompton Homes, and certain Bellerive Association Board Members, (Robert Crane, the former President, Eileen Crane, the former Secretary, and William Steinhauer, the former Vice President), allegedly converted the Association's funds and breached fiduciary duties owed to the Association by expending unauthorized funds, which included paying $15,835 as expenditures to Brompton Homes for 593 hours of labor for property repairs to decks and/or patios. Ex. A.

13. Amguard issued a general liability policy to "Bellerive Terrace Homeowners Association" bearing policy number BEBP936191 effective from September 7, 2018 to September 7, 2019 (the "Policy"). A true and accurate copy of the Policy is attached as Exhibit B.

14. Subject to all of its terms, the Policy provides in part as follows:

    **SECTION II – LIABILITY**

        **A. Coverages**

            **1. Business Liability**

                a. We will pay those sums that the insured becomes legally obligated to pay as damages

because of "bodily injury," "property damage" or "personal and advertising injury to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury," "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Paragraph D. – Liability And Medical Expenses Limits Of Insurance in Section II – Liability; and

(2) Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph f. Coverage Extension – Supplemental Payments.

b. This insurance applies:

(1) To "bodily injury" and "property damage" only if:

(a) The "bodily injury" and "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(b) The "bodily injury" or "property damage" occurs during the policy period; and

4

\* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposures to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e. Oral or written publication, in any manner, of material that violates a person's rights of privacy;

    f. The use of another's advertising idea in your "advertisement"; or

    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\* \* \*

17. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed

5

        to occur at the time of the physical injury that caused it; or

b.     Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\*    \*    \*

**ILLINOIS – CONDOMINIUMS, CO-OPS, ASSOCIATIONS – DIRECTORS AND OFFICERS LIABILITY ENDORSEMENT[1]**

\*    \*    \*

**1.     Insuring Agreement – Management Liability**

a.     We will pay on behalf of an "insured person" any "loss" which the "insured person" becomes legally obligated to pay as a result of a "claim" first made against that "insured person" during the policy period or during the Extended Reporting Period, if purchased, as described in Paragraph G., except to the extent that the "association" has indemnified the "insured person" for such "loss".

However, this insurance applies only to a "claim" arising out of a "wrongful act" committed by the "insured person" which occurs on or after the Retroactive Date, if

---

[1] Quoted as amended by the Illinois – Condominiums, Co-ops, Associations – Directors and Officers Liability Endorsement, Form BP 99 85 05 15.

6

> any, shown in the Schedule, and before the end of the policy period.
>
> \* \* \*

**B.** **Exclusions**

> \* \* \*
>
> 1. **Applicable To Business Liability Coverage**
>
>    This insurance does not apply to any "loss" resulting from any "claim":
>
>    \* \* \*
>
>    d. For "property damage".
>
>    \* \* \*
>
>    k. Brought by or on behalf of the "association" or any "insured person", in any capacity, except:
>
>       (1) A "claim" that is a derivative action brought on behalf of the "association" by one or more unit-owners who are not "insured persons" and who bring the "claim" without the solicitation, assistance or participation of any "insured person" or the "association";
>
>    \* \* \*

**C.** **Who Is An Insured**

> 1. The "association" is an insured.
>
> 2. "Insured persons" are insureds.
>
> \* \* \*

**F.** **Liability And Medical Expenses Definitions**

> 1. "Association" means the entity named in the Schedule as the named association.
>
> \* \* \*

      5.      "Insured person" means any former, present or future director, officer, trustee, managing agent or employee of such agent, employee or volunteer of the "association".

*   *   *

15.    Defendants, Brompton Homes, Robert Crane, Eileen Crane, and William Steinhauer, have demanded that Amguard defend and indemnify them under the Policy with respect to the claims in the *Bellerive* suit.

16.    Amguard denies that it owes Defendants, Brompton Homes, Robert Crane, Eileen Crane, and William Steinhauer, any defense or indemnity obligation with respect to the *Bellerive* suit.

17.    An actual and justiciable controversy exists between Plaintiff and Defendants as to the availability of insurance coverage for Defendants, Brompton Homes, Robert Crane, Eileen Crane, and William Steinhauer, with respect to the *Bellerive* suit. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

<u>**Count I**</u><br><u>**No "Bodily Injury" or "Property Damage" Caused by an "Occurrence"**</u>

18.    Plaintiff incorporates and restates the allegations of Paragraphs 1 through 17 above as if fully set forth herein.

19.    Subject to all of its terms, the Policy provides coverage for claims for "damages because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined and used in the Policy.

20. The claims in the *Bellerive* suit do not concern claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence."

21. Accordingly, Amguard does not owe any defense or indemnity obligation to Defendants, Brompton Homes, Robert Crane, Eileen Crane, and William Steinhauer, under the "bodily injury" or "property damage" liability coverage of the Policy for the claims in the *Bellerive* suit.

WHEREFORE, Plaintiff, Amguard Insurance Company, prays that this Court enter the following relief:

A. A declaration finding that Amguard owes no duty to defend or indemnify Defendants, Brompton Homes, Robert Crane, Eileen Crane, and William Steinhauer, for the claims against them in the *Bellerive* suit; and

B. For all such just and equitable relief, including costs of this suit.

## Count II
## No "Personal and Advertising Injury"

22. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 21 above as if fully set forth herein.

23. Subject to all of its terms, the Policy provides coverage for "damages" because of "personal and advertising injury" as those terms are defined and used in the Policy.

24. The claims in the *Bellerive* suit do not concern claims for "damages" because of "personal and advertising injury."

25. Accordingly, Amguard does not owe any defense or indemnity obligation to Defendants, Brompton Homes, Robert Crane, Eileen Crane, and William Steinhauer, under the "personal and advertising injury" coverage of the Policy for the claims in the *Bellerive* suit.

WHEREFORE, Plaintiff, Amguard Insurance Company, prays that this Court enter the following relief:

    A.    A declaration finding that Amguard owes no duty to defend or indemnify Defendants, Brompton Homes, Robert Crane, Eileen Crane, and William Steinhauer, for the claims against them in the *Bellerive* suit; and

    B.    For all such just and equitable relief, including costs of this suit.

## Count III
## No D&O Coverage for Claims Brought by the "Association"

26.    Plaintiff incorporates and restates the allegations of Paragraphs 1 through 25 above as if fully set forth herein.

27.    Subject to all of its terms, the Directors and Officers Liability Coverage Endorsement in the Policy excludes coverage for any "claim" brought by or on behalf of the "association" as those terms are defined and used in the Policy.

28.    The *Bellerive* suit was brought by the association as defined in the Policy.

29.    Accordingly, Amguard does not owe any defense or indemnity obligation to Defendants, Brompton Homes, Robert Crane, Eileen Crane, and William Steinhauer, under the Directors and Officers Liability Coverage Endorsement in the Policy for the claims in the *Bellerive* suit.

WHEREFORE, Plaintiff, Amguard Insurance Company, prays that this Court enter the following relief:

    A.    A declaration finding that Amguard owes no duty to defend or indemnify Defendants, Brompton Homes, Robert Crane, Eileen Crane, and William Steinhauer, for the claims against them in the *Bellerive* suit; and

B.     For all such just and equitable relief, including costs of this suit.

### Count IV
### No D&O Coverage for "Property Damage"

30.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 25 above as if fully set forth herein.

31.     Subject to all of its terms, the Directors and Officers Liability Coverage Endorsement in the Policy excludes coverage for "damages" because of "property damage" as those terms are defined and used in the Policy.

32.     To the extent the claims in the *Bellerive* suit constitute claims for "damages" because of "property damage," those claims are excluded under the "property damage" coverage of the Directors and Officers Liability Coverage Endorsement in the Policy.

33.     Accordingly, Amguard does not owe any defense or indemnity obligation to Defendants, Brompton Homes, Robert Crane, Eileen Crane, and William Steinhauer, under the "property damage" coverage of the Directors and Officers Liability Coverage Endorsement in the Policy for the claims in the *Bellerive* suit.

WHEREFORE, Plaintiff, Amguard Insurance Company, prays that this Court enter the following relief:

A.     A declaration finding that Amguard owes no duty to defend or indemnify Defendants, Brompton Homes, Robert Crane, Eileen Crane, and William Steinhauer, for the claims against them in the *Bellerive* suit; and

B.     For all such just and equitable relief, including costs of this suit.

### Count V
### No D&O Coverage for Claims Against
### Brompton Homes as Developer/Builder

34. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 33 above as if fully set forth herein.

35. Subject to all of its terms, the Directors and Officers Liability Coverage Endorsement in the Policy provides coverage for "insured persons" as that term is used and defined in the Directors and Officers Liability Coverage Endorsement in the Policy.

36. Brampton Homes is not an "insured person" as that term is used and defined in the Directors and Officers Liability Coverage Endorsement in the Policy.

37. Accordingly, Amguard does not owe any defense or indemnity obligation to Defendant, Brompton Homes, for the claims in the *Bellerive* suit directed against it as a developer/builder, under the Directors and Officers Liability Coverage Endorsement in the Policy.

WHEREFORE, Plaintiff, Amguard Insurance Company, prays that this Court enter the following relief:

C. A declaration finding that Amguard owes no duty to defend or indemnify Defendant, Brompton Homes, for the claims against it in the *Bellerive* suit; and

D. For all such just and equitable relief, including costs of this suit.

Respectfully submitted,

AMGUARD INSURANCE COMPANY

By:    /s/ Michael J. Duffy
         One of AmGuard's Attorneys

Michael J. Duffy (6196669) – michael.duffy@wilsonelser.com
Alexandrea Y. Diaz (6335785) – alexandrea.diaz@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550; (312) 704-1522 (fax)